UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADVANCED VISION SOLUTIONS, Inc., <br><br> Plaintiff, <br><br> v. <br><br> JULIA L. LEHMAN and PATRICK F. DOYLE, <br><br> Defendants. | Case No. 2:14-cv-01597-APG-NJK <br><br> **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** <br><br> (Dkt. #8) |

Plaintiff Advanced Vision Solutions, Inc. ("AVS") is a health technology company. AVS conceived of an invention that automates eye exams and treatment, and hired defendants Julia Lehman and Patrick Doyle to consult on the project.

At some point, AVS devised a new variant of its invention: a tablet-based eye care device. Lehman helped develop the tablet device and became an AVS board member. AVS's board, along with Lehman, planned to create a new company that would market the tablet invention. But after AVS received shareholder approval for the plan, Lehman and Doyle allegedly stole the tablet idea and pursued it on their own. AVS sued both Lehman and Doyle for the alleged theft.

Defendants move to dismiss, arguing they are not subject to personal jurisdiction in Nevada. Because Lehman is alleged to have breached her director obligations to a Nevada corporation, among other relevant contacts, she is subject to personal jurisdiction here. Doyle, however, has had such little contact with Nevada that he is not subject to personal jurisdiction.

**I.     BACKGROUND**

AVS was created to develop and market a new eye-health invention: a self-automated facility that assesses and treats vision problems.[1] Traditionally, optometrists conduct eye exams

---

[1] The managing members of AVS originally developed their eye care technology in Singapore. They decided that the U.S. would be more lucrative, so they incorporated AVS to develop and market the technology here instead. (Dkt. #1, ¶8-13.)

and prescribe corrective lenses or treatments. AVS's patent-pending[2] invention uses a "variety of health assessment sensors and vision correction sensors" to automate this process.[3] Sometime in 2013, AVS conceived of a new variant of its eye care invention: a product that uses a tablet device to treat vision problems.[4]

In January, 2013, AVS hired Lehman and Doyle to help market and develop its technology. AVS paid them over 150,000 shares for their services, but the parties did not execute a written agreement.[5]

According to the Complaint, AVS appointed Lehman as an AVS director on August 14, 2013. The parties disagree whether Lehman accepted this position.[6] Regardless, Lehman participated in a number of meetings of AVS's board of directors and carried out duties assigned to her by the board—including preparing shareholder documents and contacting shareholders.[7]

Defendants traveled to Nevada on behalf of AVS at least twice to meet with Charles Bluth, a third party. Defendants and Bluth met to discuss the development and marketing of AVS' tablet technology.[8]

In December, 2013, AVS's board, including Lehman, planned to create a spin-off company to develop and market the tablet technology.[9] According to this plan, Lehman would be CEO and a director of the new company. AVS's shareholders approved the plan, but shortly after, Lehman allegedly "torpedoed" it. She and Doyle then allegedly usurped the project and began to develop it on their own.[10]

---

[2] AVS has a pending patent application covering its invention, application 61/659,183. (*Id.* at ¶8-15.)

[3] (*Id.* at ¶8.)

[4] (*Id.* at ¶7.)

[5] (*Id.* at ¶75.)

[6] *See* (Dkt. ##15-1, at ¶4; 16-1, at ¶7.)

[7] (Dkt. ##1, at ¶¶ 16, 32; 15-1, at ¶4.)

[8] (*Dkt. #*1, at ¶ 10.)

[9] (*Id.* at ¶¶ 12-14.)

[10] (*Id.* at ¶ 16.)

AVS filed this lawsuit asserting the following claims against both defendants: (1) theft of a corporate opportunity; (2) estoppel; (3) unjust enrichment; (4) constructive trust (5) conversion; (6) breach of contract; and, (7) breach of the covenant of good faith and fair dealing.[11]  AVS also brought a claim against Lehman for breach of fiduciary duties, and a claim against Doyle for aiding and abetting the breach of fiduciary duties.[12]

AVS is a Nevada corporation.[13]  AVS alleges that in 2013 it carried out at least a portion of its business activities in Nevada because its president resided here.[14]  Lehman and Doyle reside in California.[15]

## II. DISCUSSION

### A. Legal Standard: Personal Jurisdiction

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the court has jurisdiction.[16]  But at the pleading stage, a plaintiff need make only a prima facie showing to survive dismissal.[17]  To satisfy this burden, a plaintiff may rely on the allegations in its complaint.[18]  If defendants offer evidence controverting these allegations, the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction."[19]  At this stage, the facts are viewed in a light favorable to the plaintiff, and any conflicts between the parties' affidavits are resolved in the plaintiff's favor.[20]

---

[11] (*Id.*)

[12] (*Id.*)

[13] (*Id. at* ¶ 2.)

[14] (Dkt. #15-1, at ¶12.)

[15] (*Id. at* ¶ 3-4.)

[16] *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir.2006).

[17] *Id.*

[18] *See, e.g., Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir.2001) ("Where not directly controverted, plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss.").

[19] *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986).

[20] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004); *AT & T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir.1996) ("In determining whether [the

3

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process."[21]  Nevada authorizes jurisdiction to the full extent permitted by the Constitution.[22]  I therefore need determine only whether the exercise of jurisdiction over defendants would be consistent with due process.

Due process requires the defendant have at least "minimum contacts" with the forum state so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice."[23]  "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there."[24]  The Supreme Court has recently emphasized that "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."[25]

**B. Analysis**

**1. Whether Lehman is subject to personal jurisdiction under N.R.S. 75.160**

Under N.R.S. 75.160, a nonresident who "accepts" a position as director of a Nevada corporation—on or after October 1, 2013—consents to service of process for claims relating to her director position.  Many courts hold that director-consent statutes like this create personal jurisdiction in the forum for any claims related to the directorship.[26]  Lehman is being sued, in

---

plaintiff] has met this burden, uncontroverted allegations in [the] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'") (citations omitted).

[21] *Pebble Beach*, 453 F.3d at 1154–55.

[22] Nev.Rev.Stat. § 14.065 (2011).

[23] *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

[24] *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

[25] *Walden v. Fiore,* 134 S.Ct. 1115, 1121 (2014).

[26] *See, e.g., Shaffer v. Heitner,* 433 U.S. 186, 216, (1977); *Marnavi S.p.A. v. Keehan*, 900 F. Supp. 2d 377, 387 (D. Del. 2012).

4

part, for breaches of her director obligations. Thus, if she accepted her director position after October 1, 2013, she may be subject to suit in Nevada.

In its affidavit, AVS alleges it appointed Lehman as a director in August, 2013, and that Lehman impliedly accepted her position by her conduct that occurred on or after October 1, 2013.[27] Lehman, on the other hand, avers she never accepted this position and in fact failed to sign the acceptance documents.[28]

At this stage, I must defer to plaintiff's version of events. Lehman provides no authority suggesting she was required to sign a document in order to accept her director position. Following her appointment, Lehman conducted herself as a director: she participated in board meetings, delegated board tasks, carried out tasks at the board's behest, worked with the board to contact shareholders, and developed a plan with the board to spin out the tablet project into a new company in which she would be CEO and a director.[29] AVS avers this conduct occurred on or after October 1, 2013, and Lehman has not attempted to rebut this fact. N.R.S. 75.160 ensures directors of Nevada corporations can be sued here for claims related to their positions. AVS is suing Lehman, in part, for breaching her fiduciary duties as an AVS director. At this stage, Lehman may have been subject to N.R.S. 75.160 and this is one basis for personal jurisdiction over her—at least for the claims relating to her directorship.

### 2. **Whether Lehman's contacts with Nevada subject her to personal jurisdiction here**

Alternatively, even if N.R.S. 75.160 is insufficient, Lehman has maintained sufficient contacts with Nevada to create personal jurisdiction here. There are two potential basis for personal jurisdiction: (1) general jurisdiction, which arises where defendant's activities in the

---

[27] (Dkt. #15-1, at ¶4.)

[28] (Dkt. #16-1, at ¶7.)

[29] (Dkt. #15-1, at ¶4.)

5

forum are substantial enough to justify jurisdiction in all matters; and (2) specific jurisdiction, which arises when a defendant's contacts with the forum gives rise to the claim being asserted.[30] The parties agree that specific, not general, personal jurisdiction is at issue here.

Specific jurisdiction exists where a defendant has substantial suit-related contact with the forum. The Ninth Circuit has established a three-prong test for determining specific personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.[31]

The plaintiff bears the burden of satisfying the first two prongs; if they are satisfied, then the burden shifts to the defendant to show why the exercise of personal jurisdiction would be unreasonable.[32]

### *i.   Whether Lehman purposely directed activities at Nevada.*

Lehman purposely directed activities at Nevada. First, she visited Nevada, in person, to discuss the tablet venture. "[P]hysical entry into the State . . . is certainly a relevant contact."[33]

Second, taking the alleged facts in a light favorable to AVS, Lehman acted as an AVS director. Further, she allegedly breached her fiduciary duties to a Nevada corporation and stole property or opportunities from a Nevada corporation. Purposely directing harm at a forum

---

[30] *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414–16 (1984).

[31] *Schwarzenegger*, 374 F.3d at 801 (9th Cir.2004).

[32] *Id.*

[33] *Walden*, 134 S. Ct. at 1122. Lehamn also carried out regular correspondence with AVS's president, who, at the time, was located in Nevada. (Dkt. #15-1, at ¶13.)

6

corporation,[34] where at least some of the harm occurs in the forum, constitutes an activity purposely directed at the forum.[35]

Last term, the Supreme Court of the United States explained that "'[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons' . . . 'because a federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district is located.'"[36]  Accordingly, I find persuasive the Supreme Court of Nevada's reasoning in *Consipio Holding, BV v. Carlberg*, 282 P.3d 751 (2012).  There, the Nevada Supreme Court held that by purposefully directing harm towards a Nevada corporation, officers and directors establish contacts with Nevada and "affirmatively direct conduct" toward the state.[37]  The court noted that "officers or directors caus[e] important consequences in Nevada when they directly harm a Nevada corporation," and that "NRS 78.135(1) puts directors of Nevada corporations on notice that, if they breach their corporate duties, they will be subject to suit in Nevada."[38]  Here, Lehman allegedly stole AVS's corporate opportunity and breached her fiduciary duties to the company, activities that constitute direct harms to a Nevada corporation.

Defendants argue that this case is like *Walden v. Fiore*.  There, a defendant had no contacts with the forum whatsoever, save that he knew the plaintiffs were forum residents.[39]  *Walden* is inapposite.  Lehman entered Nevada to carry out business related to this action, more than once.  She accepted a director position or at least acted as a director.  Allegedly, she then stole from a Nevada corporation.  Lehman has intentionally directed conduct at Nevada.

---

[34] A corporation incorporated in Nevada is a Nevada citizen. *Consipio Holding, BV v. Carlberg*, 128 Nev. Adv. Op. 43, 282 P.3d 751, 755 (2012).

[35] *Calder v. Jones*, 465 U.S. 783 (1984).

[36] *Walden*, 134 S. Ct. at 1122.

[37] *Id.*

[38] *Id.* NRS 78.135(1) authorizes lawsuits "against the officers or directors of the corporation for violation of their authority."

[39] *Walden*, 134 S. Ct. at 1122.

### ii. Whether the claims arise out of Lehman's forum-related contacts.

The second requirement for specific personal jurisdiction, the relation between a defendant's forum-related activities and the claims at issue, asks whether plaintiff would have been injured "but for" defendant's forum-related conduct.[40] At the least, AVS's claims stemming from Lehman's directorship arise out of her forum-related contacts. AVS's claim for breach of fiduciary duties, for example, would not be possible if it were not for Lehman's participation on AVS's board. Also, Lehman's meetings in Nevada were related to the tablet project AVS is suing over.

To the extent some of AVS's claims against Lehman are unrelated to her director-contacts, I have discretion to exert jurisdiction over them. Where a case presents at least some claims that give rise to personal jurisdiction, I have discretion to assert jurisdiction over remaining claims that arise out of the same "common nucleus of fact[41]—referred to as "pendent personal jurisdiction."[42]

All of AVS's claims arise from the same common nucleus of facts: Lehman worked on AVS's tablet project as a director and consultant and then stole the project. Considerations of "judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties" are served by retaining jurisdiction over all of the claims against Lehman.[43]

### C. Whether forcing Lehman into a Nevada court is reasonable.

If a plaintiff satisfies its burden as to the first two elements of the specific personal jurisdiction analysis, the burden then shifts to the defendant to "present a compelling case" that exercising jurisdiction would be unreasonable.[44] In determining reasonableness, I consider (1)

---

[40] *Panavision*, 141 F.3d at 1322.

[41] *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004).

[42] *CE Distrib., LLC v. New Sensor Corp.,* 380 F.3d 1107, 1113 (9th Cir.2004) (district court properly exercised pendent jurisdiction over contract claim based on personal jurisdiction over intentional tort claim).

[43] *See Action Embroidery*, 368 F.3d at 1181.

[44] *See, e.g., Burger King*, 471 U.S. at 476.

1  the extent of the defendants' contact in the forum; (2) the burden on the defendant; (3) conflict
2  between the states' interests; (4) the forum state's interest; (5) efficiency; (6) the plaintiff's
3  interest in convenient and effective relief; and (7) the existence of an alternative forum.[45]

Lehman has not provided a compelling reason why exercise of jurisdiction would be unreasonable. Lehman participated on AVS's board of directors and twice traveled to Nevada to meet with a prospective client on behalf of AVS. NRS 78.135(1) put Lehman on direct notice that, should she serve as a director of a Nevada corporation and breach her corporate duties, she would be subject to a suit in Nevada.[46] Nevada also has an interest in adjudicating disputes regarding the officers of its corporate citizens.[47]

### 2. Personal jurisdiction over Doyle

In contrast to Lehman, Doyle has had little contact with Nevada other than the two meetings with Bluth. Doyle is not alleged to have acted as an AVS director. AVS alleges Doyle "aided and abetted" Lehman's breach of fiduciary duties, but provides virtually no facts about his involvement. The two Nevada meetings are insufficient, on their own, to establish jurisdiction over Doyle. AVS may amend if it discovers facts sufficient to subject Doyle to personal jurisdiction here.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

---

[45] *CE Dist., LLC v. New Sensor Corp.,* 380 F.3d 1107, 1112 (9th Cir.2004).
[46] *Id.*
[47] *Consipio,* 282 P.3d at 755–56.

### III.     CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. # 8) is DENIED as to Julia Lehman, and GRANTED as to Patrick Doyle.

DATED THIS 26th day of January, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE